**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4078**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DENARD EDWARD CARRINGTON, a/k/a Bird,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.  (3:09-cr-00160-JRS-1)

Submitted:  January 28, 2011      Decided:  February 16, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Taylor B. Stone, BREMNER JANUS & STONE, Richmond, Virginia, for
Appellant.   Neil H. MacBride, United States Attorney, Angela
Mastandrea-Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denard Edward Carrington appeals his conviction following a jury trial for possessing firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). On appeal, Carrington attacks the sufficiency of the evidence supporting his conviction. Specifically, Carrington contends that the Government failed to offer sufficient evidence to establish a nexus between the guns found at his residence and the furtherance of his drug activities. We affirm.

We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal

2

quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To convict Carrington of violating § 924(c), the Government was required to prove that Carrington: (i) committed a drug trafficking crime; and (ii) possessed a firearm in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A). Whether a firearm furthered, advanced, or helped forward a drug trafficking crime is a question of fact, however. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Many factors might lead a reasonable trier of fact to find a connection between a defendant's possession of a weapon and a drug trafficking crime. Id. These include: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. Our review of the record leads us to conclude that the Government presented sufficient evidence from which the jury could conclude beyond a reasonable doubt that Carrington was guilty of possessing each of the firearms in question in furtherance of a drug trafficking crime.

Accordingly, we affirm Carrington's conviction. We remand the case to the district court for correction of a

3

clerical error in the "nature of offense" for Count Three on page one of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED